**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-10185 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00168-WBS-1 |
| v. | |
| JACQULINE HOEGEL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted November 14, 2017
San Francisco, California

Before: GOULD and MURGUIA, Circuit Judges, and GRITZNER,[**] District Judge.

Defendant Jacquline Hoegel was convicted of four counts of making and subscribing false tax returns for the tax years 2005 through 2008, in violation of 26 U.S.C. § 7206(1). The district court sentenced Hoegel to concurrent terms of 36

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, sitting by designation.

months imprisonment and 12 months of supervised release. On appeal, Hoegel challenges two of the district court's evidentiary rulings and its application of a two-level enhancement under U.S.S.G. § 2T1.1(b)(1). Having jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742, we affirm.

From 2000 until March of 2009, Hoegel sold certificates of deposit (CDs) out of the Napa, California, office for a group of interrelated financial institutions owned by William Wise (Wise), referred to as the Millennium entities. In March 2009, with Hoegel present, a court-appointed receiver took control of property at the Millennium entities' Napa office as part of a Securities and Exchange Commission (SEC) investigation into a Ponzi scheme involving the Millennium entities. Hoegel's personal property and assets, including homes and bank accounts, were also seized.

On August 13, 2009, as the SEC investigation continued, Hoegel went to a tax preparer to file her delinquent tax returns for 2005 through 2008. Hoegel presented the tax preparer with handwritten notes as proof of her income and expenses. Hoegel represented annual income of $130,000, $183,040, $221,000, and $260,000, for the tax years 2005, 2006, 2007, and 2008, respectively, and indicated that she earned the income working as a self-employed graphic designer. The tax returns were filed in accordance with the information Hoegel provided.

In February 2012, Hoegel and Wise were indicted in the Northern District of

16-10185

California on charges of conspiracy, wire fraud, and mail fraud for their alleged roles in the Ponzi scheme. Hoegel was also charged with obstruction of justice, making false statements, and four counts of filing false tax returns. In September 2012, Wise pleaded guilty, and the Government later voluntarily dismissed the charges against Hoegel in the 2012 indictment without prejudice. In June 2014, Hoegel was indicted in the Eastern District of California and charged with four counts of filing false tax returns.

Prior to trial, Hoegel moved in limine to exclude evidence relating to the Ponzi scheme as prejudicial and irrelevant to the false tax return charges. The district court denied the motion in limine and advised defense counsel to raise objections during the course of trial as necessary.

At trial, the Government called several witnesses, including Katherine Fung (Fung), who purchased CDs from Hoegel in 2007 and 2008. During Fung's testimony, while reviewing several emails she had exchanged with Hoegel relating to Fung's CD purchases, Fung began to cry. After a brief recess, Fung continued her testimony, detailing that Hoegel was the only person she dealt with from the Millennium entities and that she purchased several CDs from Hoegel. Fung also testified that none of the dealings she had with Hoegel involved graphic design.

The Government also called the Internal Revenue Service (IRS) agent who audited Hoegel's 2005 through 2008 tax returns. The IRS agent testified that there

were discrepancies between the income and expense amounts Hoegel reported in the tax years 2005 through 2008. The IRS agent further testified that Hoegel's bank records showed that from 2005 through 2008, Hoegel (and her husband) received $1,690,526 in unreported income from the Millennium entities.

Hoegel called Joyce Emerson (Emerson), Hoegel's mother, as a witness. Over the Government's objection, Emerson stated that during the summer of 2009, Hoegel was barely able to function and had suffered a nervous breakdown. Out of the presence of the jury, the Government argued that Emerson's testimony regarding Hoegel's mental state in the summer of 2009 opened the door to the Ponzi scheme, and thus the Government should be allowed to offer evidence to explain that Hoegel's distraught state was due to Hoegel being under investigation for her alleged role in the Ponzi scheme. The district court reasoned that the entire case rested on whether Hoegel acted willfully in falsifying her tax returns, and therefore it would be unfair to prevent the Government from countering Emerson's testimony with evidence of what else was going on in Hoegel's life at the time, namely the criminal investigation. The court then presented Hoegel with the choice of striking Emerson's testimony about Hoegel having a nervous breakdown or allowing the Government to ask about the Ponzi scheme. Hoegel chose to strike the testimony regarding the nervous breakdown. The jury was told to disregard Emerson's testimony about Hoegel having a nervous breakdown.

On appeal Hoegel contends Fung's testimony was cumulative and prejudicial and the district court's failure to strike or exclude that testimony was error, mandating reversal of Hoegel's convictions. Hoegel also argues the district court abused its discretion in striking Emerson's testimony that Hoegel had a nervous breakdown in the summer of 2009.

"We review the district court's evidentiary rulings for abuse of discretion and its underlying factual determinations for clear error." *United States v. Lukashov*, 694 F.3d 1107, 1114 (9th Cir. 2012). Evidentiary rulings not objected to at trial are reviewed for plain error. *United States v. Graf*, 610 F.3d 1148, 1164 (9th Cir. 2010). Plain error review "is even more deferential than review for abuse of discretion." *United States v. Rizk*, 660 F.3d 1125, 1132 (9th Cir. 2011). "Under plain-error review, reversal is permitted only when there is (1) error that is (2) plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (citation and internal quotation marks omitted).

Hoegel did not make a contemporaneous objection to Fung's testimony nor did she request a curative instruction. Rather, during a subsequent recess, well after Fung had been excused, Hoegel said she wanted to preserve the objection she made in limine prior to trial to exclude the testimony of any Ponzi scheme victim. Hoegel argued that if Fung had not testified, the emails would not have come into

evidence. The court ordered the redaction of an email that had not already been shown to the jury. No other objection was raised in regard to Fung's testimony.

Although on appeal Hoegel argues Fung's testimony should have been struck, she failed to make that specific objection at trial, mandating a plain error review. *See United States v. Del Toro-Barboza*, 673 F.3d 1136, 1152 (9th Cir. 2012). Whether the issue was preserved notwithstanding, we conclude the district court did not commit error under either a plain error or an abuse of discretion standard of review. Fung's testimony was relevant, probative, not unfairly prejudicial, noncumulative, and was offered to prove that during the relevant time period, Hoegel sold CDs for the Millennium entities and did not work as a graphic designer as she declared on her taxes. *See United States v. Sepulveda-Barraza*, 645 F.3d 1066, 1072 (9th Cir. 2011).

Nor do we find the district court abused its discretion in striking Emerson's testimony that Hoegel suffered a nervous breakdown in the summer of 2009. As the district court reasoned, Hoegel's state of mind in the summer of 2009 was relevant to whether she acted willfully in falsifying her tax returns, and the Government had a right to put on its own evidence of events affecting Hoegel's state of mind at that time. In ruling on the Government's objection to Emerson's testimony, the court was within its discretion to either strike Emerson's testimony about the nervous breakdown or to allow the Government to present evidence that

6    16-10185

Hoegel's own conduct played a role in her state of mind. *See United States v. Osazuwa*, 564 F.3d 1169, 1175-76 (9th Cir. 2009). We note that the district court's curative option followed warnings to Hoegel that her examination of witnesses was potentially opening the door to evidence of the other criminal investigation. We cannot conclude that the district court abused its discretion by asking Hoegel to choose between those two options. *See United States v. Robertson*, 875 F.3d 1281, 1296 (9th Cir. 2017) (giving the trial court wide latitude in making evidentiary rulings because it is in the best position to assess the impact and effect of trial). Moreover, in view of the overwhelming evidence of guilt, any error the district court committed in making either of those evidentiary rulings was harmless beyond a reasonable doubt. *See United States v. Ubaldo*, 859 F.3d 690, 705 (9th Cir. 2017).

Finally, Hoegel argues that the district court erred by imposing a two-level enhancement in her sentencing guidelines calculation pursuant to U.S.S.G. § 2T1.1(b)(1). Hoegel argues the Government failed to produce evidence that the unreported income was derived from the Ponzi scheme or that Hoegel knew about the Ponzi scheme or any criminal activity. "We review a district court's construction and interpretation of the [Guidelines] de novo and its application of the Guidelines to the facts for abuse of discretion." *United States v. Simon*, 858 F.3d 1289, 1293 (9th Cir. 2017) (en banc) (alteration in original) (quoting *United*

16-10185

*States v. Popov*, 742 F.3d 911, 914 (9th Cir. 2014)).

Section 2T1.1(b)(1) provides: "If the defendant failed to report or to correctly identify the source of income exceeding $10,000 in any year from criminal activity, increase by 2 levels." Hoegel's presentence investigation report stated that approximately $1.7 million of the income Hoegel failed to report was derived from a $130 million Ponzi scheme set up by Wise. Hoegel did not object to this statement. Evidence presented at trial demonstrated that by the time Hoegel filed her taxes in 2009, she knew the Millennium entities were under an SEC investigation. The district court found, by a preponderance of the evidence, the income Hoegel failed to report was derived from criminal activity; and that at the time Hoegel filed her tax returns in 2009, she had been in some way involved in criminal activity. These conclusions are supported by the record. The district court did not abuse its discretion by applying the two-level sentencing enhancement under U.S.S.G. § 2T1.1(b)(1).

**AFFIRMED.**